IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Olivia Wilson, | ) | C/A No.: 3:23-5151-SAL-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND |
| | ) | RECOMMENDATION |
| Ally, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Olivia Wilson ("Plaintiff"), proceeding pro se, brings this civil action alleging claims against Ally ("Defendant"). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), this matter has been referred to the undersigned for all pretrial proceedings. For the following reasons, the undersigned recommends this matter be summarily dismissed.

I.    Factual Background

In Plaintiff's complaint and attached documentation, Plaintiff alleges

The parties have been in an auto loan contract since July 3l, 2021. The defendant acted as the assumed owner of the auto loan contract and required the plaintiff to make monthly cash payments of $681.28. However, on August 11, 2023, the plaintiff came forth as the owner of the contract and instructed the defendant to use the provided bill of exchange to accept and transfer the credits to satisfy the remaining balance of the principal's account. The defendant failed three times to perform the necessary fiduciary duties to settle the account.

[ECF No. 1-1 at 3]. Plaintiff further alleges that she submitted to Defendant three documents including the "bill of exchange" referenced above, as well as

an "opportunity to cure" and "notice of default." *See id.* at 1–2. Plaintiff has

provided the court these documents, including the "bill of exchange" which

states:

> Letter of lnstructions Tier 1 (Claim of Credits)
>
> I Wilson, Olivia/agent on behalf of WILSON'S REFRIGERATION, HEAT & AIR, LLC./principal, hereby accept all titles, rights, interest, and equity Owed to WILSON'S REFRIGERATION, HEAT & AIR, LLC./principal.
>
> I hereby instruct CFO Jeffrey Brown to apply the principal's balance to the principal's account #228043404893 for each and every billing cycle for set-off.
>
> I also instruct CFO to communicate in writing within 5 business days once instructions are completed.
>
> If instructions are not completed, I instruct cfo to respond in writing within 5 business days giving reason for non-performance of fiduciary duties.
>
> If no communication is made within 5 business days, I Wilson, Olivia/agent on behalf of WILSON'S REFRIGERATION, HEAT & AIR, LLC./principal can assume that instructions have been completed.

*Id.* at 18.[1]

In her complaint, Plaintiff states that the sole basis for this court's

jurisdiction is federal question jurisdiction pursuant to 28 U.S.C. § 1331 and

---

[1] Plaintiff has also submitted to the court a "durable power of attorney" she alleges she sent to Defendant claiming "Wilson's Refrigeration, Heat & Air, LLC" to have appointed Plaintiff as its power of attorney. [ECF No. 1-1 at 21–27]. Plaintiff has also submitted to the court a "durable power of attorney" she alleges she also sent to Defendant claiming to have appointed herself as her own power of attorney. *Id.* at 28–35.

that the following federal statutes, treaties, and provisions of the United States Constitution are at issue: "The U.S. Constitution, Federal Reserve Action Sections 16 & 29, Cestui Que Vie Act, 12 USC 1431, 15 USC 1605, 18 USC 8, 18 USC 1344." [ECF No. 1 at 3].[2]

II.    Discussion

    A.    Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pro se complaints are held to a less stringent standard than those drafted by

---

[2] In documentation attached to her complaint, however, Plaintiff indicates she is only asserting violations of the following statutes: 12 U.S.C. § 411, 12 U.S.C. § 412, 12 U.S.C. § 504, 18 U.S.C. § 1344. [ECF No. 1-1 at 3].

attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

B.    Analysis

Plaintiff is not the first to send a "bill of exchange" to a lender in hopes of settling a given debt.  In *Harp v. Police & Fire Fed. Credit Union*, C/A No. 23-2577, 2023 WL 5152625, at *1 (E.D. Pa. Aug. 10, 2023), the court granted defendant's motion to dismiss, dismissing the plaintiff's claims for breach of contract, breach of trust, breach of fiduciary duty, security fraud, and any claim attempted to be asserted under the Federal Reserve Act. In that case the plaintiff submitted a bill of exchange employing almost identical language to that used by Plaintiff. *See id.* The court held that "because all of Harp's claims rest upon her mistaken belief that her 'bill of exchange' was valid legal tender, and are based on a fundamental misunderstanding of the operation of a credit card, I will dismiss the Complaint with prejudice and without leave to amend." *Id.* at *2; *see also Spells v. Bay Country Fin.*, No. 23-CV-01942-LKG, 2023 WL 4868405, at *1 (D. Md. July 31, 2023) (summary dismissal of complaint where the plaintiff claimed he issued a bill of exchange to the lender, he was a sovereign citizen, and he should have received a paid off vehicle for his bill of exchange).

As indicated above in *Spells*, these cases invoke "sovereign citizens'" ideology:

> As explained by the FBI, 'Sovereign citizens view the [U.S. government ("USG")] as bankrupt and without tangible assets; therefore, the USG is believed to use citizens to back U.S.

> currency. Sovereign citizens believe the USG operates solely on a credit system using American citizens as collateral. Sovereign citizens exploit this belief by filing fraudulent financial documents charging their debt to the Treasury Department.

*El v. AmeriCredit Fin. Servs., Inc.*, 710 F.3d 748, 750 (7th Cir. 2013) (citing Federal Bureau of Investigation, "Sovereign Citizens: An Introduction for Law Enforcement" 3 (Nov. 2010), http://info.publicintelligence.net/FBI-SovereignCitizens.pdf); *see also, e.g., Bryant v. Washington Mut. Bank*, 524 F.Supp.2d 753 (W.D. Va. 2007), aff'd, 282 Fed. Appx. 260 (4th Cir. 2008) (collecting cases and dismissing plaintiff's breach of contract claim after finding that plaintiff's "Bill of Exchange" allegedly payable by the Treasury was a "worthless piece of paper" that could not satisfy her mortgage payment)).

Based on the above, and even though Plaintiff does not use the specific words "sovereign citizen," Plaintiff's claims are based in that ideology, are frivolous, and subject to summary dismissal. As has been held by this court addressing a similar situation:

> Plaintiff's Amended Complaint has many hallmarks of the "sovereign citizen" redemption theory. *See Parker v. Spencer*, No. 4:13-CV-00430-RBH, 2015 WL 3870277, at *3 (D.S.C. June 23, 2015) (quoting *United States v. Ulloa*, 511 F. App'x 105, 106 n.1 (2d Cir. 2013)) ("sovereign citizens are a loosely affiliated group who believe that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior"); *Presley v. Prodan*, No. CA 3:12-3511-CMC-JDA, 2013 WL 1342465, at *2 (D.S.C. Mar. 11, 2013), adopted by, 2013 WL 1342539 (D.S.C. Apr. 2, 2013) (collecting

cases describing the "sovereign citizen" movement and its common features); *see also* U.S. Dep't of Justice, F.B.I., Counterterrorism Analysis Section, Sovereign Citizens: A Growing Domestic Threat to Law Enforcement, (Sept. 2011), https://leb.fbi.gov/articles/featured-articles/sovereign-citizens-a-growing-domestic-threat-to-law-enforcement (last visited Feb. 9, 2021) (explaining hallmarks of the sovereign-citizen redemption theory and redemption scheme used "to defraud banks, credit institutions, and the U.S. government" by filing purported U.C.C. forms "for illegitimate purposes, believing that doing so correctly will compel the U.S. Treasury to fulfill its debts, such as credit card debts, taxes, and mortgages"). Here, Plaintiff's various claims, including assertions that she has a credit, does not have to pay her water bill based on such a credit, and/or her service cannot be turned off because of such a credit, are frivolous. *See, e.g., Miller v. Exelon*, No. 19-CV-0231, 2019 WL 952273 (E.D. Pa. Feb. 26, 2019), appeal dismissed sub nom. *Miller v. PECO Exelon*, 775 F. App'x 37, at *3 (3d Cir. 2019) (finding legally frivolous plaintiff's claims against his utility providers that were based on the UCC, plaintiff's belief that there is no lawful money, and/or federal statutes that did not have any relevance to the payment of his utility bill). Plaintiff's attempts to assert sovereign-citizen type claims should be dismissed as frivolous. *See Smalls v. Sterling*, No. 2:16-4005-RMG, 2017 WL 1957471, at *1 (D.S.C. May 11, 2017); *Gaskins v. South Carolina*, No. 2:15-CV-2589-DCN, 2015 WL 6464440, at *4 (D.S.C. Oct. 26, 2015); *see also Mitchell v. Vesely*, No. 5:17-CV-325-OC-30PRL, 2017 WL 11049094, *1 (M.D. Fla. Aug. 23, 2017) ("While Plaintiff does not state that he is a 'sovereign citizen,' his arguments are similar to the 'sovereign citizen' arguments that courts have routinely rejected as frivolous.").

*Palmer v. Charleston Water Sys.*, C/A No. 2:20-3506-DCN-MHC, 2021 WL 11490999, at *4 (D.S.C. Feb. 10, 2021), report and recommendation adopted, C/A No. 2:20-3506 DCN, 2021 WL 11491095 (D.S.C. Mar. 2, 2021); *see also Hennis v. Trustmark Bank*, C/A No. 2:10-20-KS-MTP, 2010 WL 1904860, at *5 (S.D. Miss. May 10, 2010) ("From coast to coast, claims that debts have

been paid under the redemption theory by the plaintiffs' issuance of 'bills of exchange' have been dismissed as frivolous."); *Taylor v. Leviner*, C/A No. 9:23-3435-RMG-MHC, 2023 WL 5985332, at *2 (D.S.C. Aug. 30, 2023) (collecting cases), report and recommendation adopted, C/A No. 9:23-3435-RMG, 2023 WL 5984482 (D.S.C. Sept. 14, 2023).[3]

Out of an abundance of caution, the court additionally addresses each of the claims Plaintiff asserts. First, Plaintiff seems to suggest that Defendant violated Section 16 of the Federal Reserve Act, 12 U.S.C. §§ 411–21, which governs the issuance and redemption of Federal Reserve notes, further indicating that Defendant is subject to penalties under Section 29 of the Federal Reserve Act, 12 U.S.C. § 504, which imposes penalties on banks for an array of misconduct. But the imposition of civil penalties under Section 29 is carried out by federal officials, and private individuals do not have a private right of action to enforce Section 16 or 29 of the Federal Reserve Act. *See White v. Lake Union Ga Partners LLC*, C/A No. 1:23-02852-VMC, 2023 WL 6036842, at *2 (N.D. Ga. July 14, 2023) (compiling cases supporting

---

[3] Courts have recognized complaints being "rooted in sovereign citizen ideology" where, as here, plaintiffs have not stated the words "sovereign citizen" or "redemption theory" but have, as Plaintiff also does here, cited the Cestui Que Vie Act of 1666 and included documents such as a "durable power of attorney," "both of which are tied to theories associated with the sovereign citizen movement." *Anderson v. Navy Federal Credit Union*, C/A No. 3:23-05506-DGE, 2023 WL 6481518, at *3 (W.D. Wash. Oct. 5, 2023) (collecting cases).

finding that Section 16 and Section 29 do not create a private right of action); *Benz-Puente v. Truist Fin.*, C/A No. 23-2682, 2023 WL 4763998, at *2 (E.D. Pa. July 26, 2023) (compiling cases supporting finding that Section 29 "does not create a private right of action"); *Murphy v. Capital One*, No. 4:23-CV-1120 HEA, 2023 WL 5929340, at *3 (E.D. Mo. Sept. 12, 2023) (same).[4]

Plaintiff also references "a string of other miscellaneous authorities," as plaintiffs asserting similar claims in other cases have done, including "18 U.S.C. § 8, 12 U.S.C. § 1431, and 15 U.S.C. § 1605(a) . . . and two Acts of Parliament of the United Kingdom: 'Cestui que Vie Act 1666' and Bills of Exchange Act 1882." *White*, 2023 WL 6036842, at *3. As has been held by numerous courts, "none of these [references] provide [Plaintiff] with a federal cause of action." *See id.* (citing *Barnes v. Santander Consumer USA, Inc.*, C/A No. 3:22-02184, 2023 WL 2585537, at *4 (N.D. Ohio Mar. 21, 2023) ("Plaintiff cites to several statutes that appear irrelevant to the facts alleged in this Complaint. These include 15 U.S.C. § 1605 (definition of finance charges), . . . 12 U.S.C. § 1431 (defining the powers of banks), . . . and 18 U.S.C. § 8 (defining the United States obligations and securities). She fails to allege any facts to suggest how these statutes might apply."); *Wood v. United States*,

---

[4] Plaintiff also cites 18 U.S.C. § 1344, a criminal statute concerning bank fraud that does not provide for a private cause of action. *See, e.g., Johnson v. Bank of Am. Corp.*, C/A No. 4:22-CV-2975-JD-KDW, 2023 WL 2727533, at *1 n.2 (D.S.C. Mar. 31, 2023).

9

161 Fed. Cl. 30, 34–35 (2022) ("Sovereign citizens also sometimes reference the Cestui Que Vie Act of 1666, or a 'cestui que vie' trust, as support for their arguments in court . . . . In short, the legal fiction presented by plaintiff in the complaint is not based in law but in the fantasies of the sovereign citizen movement. There is no jurisdiction in this court for fictitious claims.").

Likewise, Plaintiff's general invocation of the Constitution does not assist her. *See, e.g., Loyola v. Env't Prot. Agency*, C/A No. 2:21-02714-JD-MGB, 2022 WL 507648, at *5 (D.S.C. Jan. 11, 2022) (summarily dismissing complaint and noting that "while Plaintiff's Complaint contains isolated references to the United States Constitution . . . it is very difficult to distill an actionable federal claim from Plaintiff's rambling, nonsensical allegations"), report and recommendation adopted, C/A No. No. 2:21-02714-JD-MGB, 2022 WL 507439 (D.S.C. Feb. 18, 2022); *Lewis v. Lewis*, C/A No. 1:12-2072-TLW-PJG, 2012 WL 5384822, at *3 (D.S.C. Sept. 12, 2012) ("although Plaintiff expressly references the Constitution and its Amendments, merely invoking the Constitution is insufficient when there are no facts alleged to support a federal claim"), report and recommendation adopted, C/A No. 1:12-02072-TLW, 2012 WL 5381646 (D.S.C. Oct. 31, 2012); *Hughes v. Virginia Emp. Comm'n*, No. 4:21CV100, 2022 WL 14049886, at *3 (E.D. Va. Oct. 3, 2022) ("courts have explained that a mere passing reference to a Constitutional right is insufficient to invoke federal question jurisdiction") (citations

omitted, collecting cases); *White*, 2023 WL 6036842, at *3 (rejecting plaintiff's argument that Articles IV and VI of the Constitution can be brought against a private company where the plaintiff asserted sovereign citizen-based claims); *see also Davis v. United States*, No. 23-707 C, 2023 WL 4761577, at *2 (Fed. Cl. July 26, 2023) (rejecting plaintiff's argument as "fanciful" that the Securities Exchange Act, among other laws, supports sovereign citizen redemption theory claims).

## III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends the district court dismiss this action as frivolous and with prejudice[5] and without issuance and service of process.

IT IS SO RECOMMENDED.

October 26, 2023                              Shiva V. Hodges
Columbia, South Carolina              United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

---

[5] It is recommended that this action be dismissed without leave to amend. *See Britt v. DeJoy*, 45 F.4th 790 (4th Cir. 2022); *see also Watkins v. Ridgeland Corr. Inst.*, C/A No. 4:22-3545-JFA-TER, 2022 WL 17327157, at *2 (D.S.C. Oct. 25, 2022) (collecting cases in support and recommending that where the plaintiff's allegations are frivolous on the face of the relevant filings, allowing amendment of the pleadings would be futile), report and recommendation adopted, C/A No. 4:22-3545-JFA-TER, 2022 WL 17325000 (D.S.C. Nov. 29, 2022).

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).