# OLIVIA WILSON

vs.

# ALLY FINANCIAL, INC.

RCV'D - USDC COLA SC
JAN 16 '24 PM 12:14

# NATIONAL ASSET RECOVERY

Case No.: 0:23-cv-05151-SAL-SVH

Amendment to Claim

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| LEXINGTON COUNTY | SUPERIOR COURT DIVISION<br>Case No. 0:23-cv-05151-SAL-SVH |

OLIVIA WILSON,

Plaintiff,

v.                                          COMPLAINT
                                            Jury Requested [No]

ALLY FINANCIAL,

NATIONAL ASSET RECOVERY,

Defendants

1. OLIVIA WILSON is a resident of Lexington County in the State of South Carolina.
2. ALLY FINANCIAL is a for-profit corporate entity headquartered in Detroit, MI.
3. NATIONAL ASSET RECOVERY is a for-profit corporate entity headquartered in Denver, NC.
4. This action is for breach of contract, security fraud, illegal repossession, trespassing, theft, and property damage. It exceeds the amount of $25,000.00 and is filed in the General/Civil Court of Justice in the Superior Court Division with proper venue and jurisdiction.
5. On July 31, 2021, OLIVIA WILSON "plaintiff" drove to Performance Ford in Clinton, NC to purchase a van utilizing ALLY FINANCIAL "defendant 1" for financing.
6. Plaintiff entered a contract with "defendant 1" to purchase a 2019 Ram ProMaster 1500 for a total cash equivalent value of twenty-eight thousand, one hundred and forty-nine dollars and seventy-five cents ($28,149.75). (Exhibit A)
7. Plaintiff tendered an endorsed payoff sheet and instructions to the defendant with accord and satisfaction as a performance to the contract.
8. Plaintiff also sent a copy of the Federal Reserve Act Sections 16 (parts 1 and 2) and 29, and a Power of Attorney to the defendant.
9. The defendant transferred the plaintiff's security to a third party per the results of a Bloomberg Auto Loan Securitization Audit. (Exhibit B)
10. Following, the defendant refused the plaintiff's tender and refused to act/perform in accordance with the contract.
11. Defendant 1 breached the contract.
12. Defendant 1 refused to return the negotiable instrument.
13. The defendants violated the South Carolina Code of Laws § 16-13-240.
14. The plaintiff was deprived of the negotiable instrument that was tendered as payment for the sale and the use of the vehicle.

15. The plaintiff was deprived of the goods promised in the contract. Due to the breach of contract, the account became past due, and the vehicle was repossessed. Plaintiff also sustained negative impacts to their credit score, and suffers from financial and emotional distress and anxiety, and was deprived of the use of the vehicle.
16. ALLY FINANCIAL "defendant 1" instructed NATIONAL ASSET RECOVERY "defendant 2" to repossess the vehicle. On December 14, 2023, an associate from NATIONAL ASSET RECOVERY trespassed onto the plaintiff's property and gained access to the vehicle. They then hotwired the vehicle and drove it to an undisclosed location. A police report was filed, and an insurance claim was made because the plaintiff believed the vehicle was stolen. Plaintiff was informed by the insurance company on December 15, 2023, that the vehicle was repossessed by ALLY FINANCIAL. On December 15, 2023, the plaintiff was informed by ALLY FINANCIAL that the vehicle had been repossessed due to non-payment although the plaintiff had made multiple payment attempts. Still, none of the payments were accepted. On December 19, 2023, the plaintiff was informed by ALLY FINANCIAL associate, "Jerry McGee," that ALLY FINANCIAL was not required to accept the money orders that were sent on November 13, 2023, because the plaintiff wrote "sent under threat and duress" on them (Exhibit B). Yet on December 28, 2023 and December 29, 2023, three money orders for $500 each were posted to the account (Exhibit C). The plaintiff was in constant contact with ALLY FINANCIAL during the entire repossession process. On December 19, 2023 and December 20, 2023, plaintiff made three payments for one thousand two hundred dollars ($1,200), one thousand six-hundred dollars ($1,600), and four hundred and twenty-six dollars ($426) to satisfy the account after being told that the money orders would not be accepted. Plaintiff called ALLY FINANCIAL on December 21, 2023, to confirm the payments had posted, but was instructed that it would take 7 days for the payment to post and the release of repo to be approved and to call back on December 26, 2023. Plaintiff called back on December 26, 2023, to verify the payments and get approval for the release of repo. Plaintiff was given the runaround and transferred to multiple departments before being cleared to pick up the vehicle. Plaintiff coordinated with NATIONAL ASSET RECOVERY for pick-up of the vehicle. When the plaintiff arrived to pick up the van on December 29, 2023, the vehicle would not crank. The plaintiff initially believed that it was the battery, so the plaintiff attempted to jumpstart the battery with jumper cables. Plaintiff then noticed that the glove compartment had been tampered with and questioned the lot attendant about what was done with the vehicle. The lot attendant did not have an answer, so the police were called to help resolve the situation. Plaintiff also called NATIONAL ASSET RECOVERY main office to get assistance. Plaintiff was informed by NATIONAL ASSET RECOVERY associate, "Courtney," that NATIONAL ASSET RECOVERY was instructed by ALLY FINANCIAL on December 22, 2023, to cut a new key for the vehicle, so the locksmith came out and removed the glove compartment to cut a new key and the old key no longer worked. The personnel at the lot were unable to fix the glove compartment, so the plaintiff also spoke with the owner of the company and was told that they would coordinate a convenient time and location for the locksmith to come fix the glove compartment on January 3, 2024. The locksmith

came to fix the glove compartment on January 3, 2024, but was unable to completely repair it because some parts were missing/broken.

17. Because defendant 1 breached the contract, the plaintiff sustained damages and was deprived of the vehicles' use. The plaintiff had to pay two thousand fifty-eight dollars and eighty-four cents ($2,058.84) in money orders and had to pawn personal items to come up with an additional three-thousand two-hundred and twenty-six dollars ($3,226) to bring the account current to remove the vehicle from repo, as well as continue to make monthly payments of $631.28. The plaintiff also suffers from emotional distress due to an individual trespassing on her property.
18. The plaintiff had a Bloomberg Auto Loan Securitization Audit conducted on the account, which revealed that the plaintiff's note was sold, transferred, assigned, and securitized into the ALLY AUTO RECEIVABLES TRUST 2022-2, and the trust is an investment bond being actively traded on the secondary market, yielding an amount of $351,000,000.00. None of these funds were directed back to the plaintiff as the original creditor, thus violating equal consideration, one of the fundamental principles required for a valid contract. The absence of a recorded Assignment of Agreement in the Lexington County, SC Official Records was also revealed by the audit. Defendant 1's prospectus mandates that assignments must be filed and recorded before a proper repossession and any attempt to recover the goods as described. This prompts concerns about the legality of the repossession of the plaintiff's vehicle.
19. The plaintiff did not receive equal consideration in this contract.
20. The plaintiff has a right to redress.

WHEREFORE, the plaintiff hereby requests from the court and demands from defendant 1:

1. Tender the opening application as payment to the principal's account, **and;**

2. Upon application of the entitled credits to the principal, refund any overages paid into the account in the form of a check addressed to the plaintiff due within 15 days of the court's ruling, **and;**

3. Release the lien and title for the 2019 Ram ProMaster 1500. Also, provide the Manufacturer's Certificate of Origin (MCO) title for the vehicle, **and;**

4. Update the beneficiary information for the account, **and;**

5. Remove the repossession and negative remarks from the plaintiff's credit report, updating it to "paid as agreed" and "paid in full," **and;**

6. Plaintiff requests an appropriate amount of interest, to be determined by the judge, based on the $351,000,000.00 generated by the trading of her securities, **and;**

7. That the defendant be responsible for the costs of this action, **and;**

8. Such other relief the court deems appropriate and just.

WHEREFORE, the plaintiff hereby requests from the court and demands from defendant 2:

1. Pay for the costs of fixing the glove compartment, **and;**

2. Payment in the amount of ten thousand dollars ($10,000.00) for plaintiff's emotional distress due to an individual trespassing onto her property and stealing her vehicle **and;**

3. Such other relief the court deems appropriate and just.


Dated this 15th of January, 2024

Wilson, Olivia D/Agent *Pro Se*
Without Recourse A.R.R.

(803) 347-5786