IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Olivia Wilson, | ) | C/A No. 3:23-cv-05151-SAL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Ally, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on review of the Report and Recommendation (the "Report") issued by United States Magistrate Judge Shiva V. Hodges, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C). [ECF No. 8.]

**PROCEDURAL BACKGROUND**

In this action, Plaintiff, proceeding *pro se*, asserts claims relating to an auto loan contract with Ally. *See* ECF No. 1-1 at 3. This matter was referred to the magistrate judge for all pretrial proceedings. On October 26, 2023, the magistrate judge issued her Report, finding Plaintiff's claims to be frivolous and subject to summary dismissal. [ECF No. 8.] The Report recommends dismissal of Plaintiff's complaint with prejudice and without issuance and service of process. *Id.* Plaintiff filed objections to the Report. [ECF No. 11.] She later filed a motion to amend her complaint and a motion for default judgment. [ECF Nos. 13, 15.] These matters are ripe for review by this court.

**STANDARD OF REVIEW**

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation,

1

any party may serve and file written objections. *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)).  The district court then makes a de novo determination of those portions of the Report to which an objection is made.  *Id.*  To trigger de novo review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection.  *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)).  If a litigant objects only generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim.  *Elijah*, 66 F.4th at 460.  Objections need not be novel to be sufficiently specific.  *Id.*  Thus, "[i]n the absence of specific objections . . . this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009) (emphasis in original).

Because Plaintiff is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow her to fully develop potentially meritorious claims.  *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972).  That said, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## DISCUSSION

The Report thoroughly explains why Plaintiff's claims are frivolous and subject to summary dismissal, and the court adopts both the reasoning and findings in the Report.  *See* ECF

No. 8 at 5–11.  Briefly, as set forth in the Report, Plaintiff has an auto loan with Defendant.  *See* ECF No. 1-1 at 3.  At some point, Plaintiff attempted to satisfy her debt by submitting a "bill of exchange" to Defendant.  *See id.* at 1–3.  The Report explains that "Plaintiff is not the first to send a 'bill of exchange' to a lender in hopes of settling a given debt." [ECF No. 8 at 5.]  But this court, and many others, have found such claims to be frivolous and based on errors of law since such bills of exchange are not valid legal tender.  *Id.* at 5–12; *see also Bryant v. Wash. Mut. Bank*, 524 F. Supp. 2d 753, 758–60 (W.D. Va. Dec. 19, 2007) (noting bills of exchange are not "by definition illegitimate" but dismissing a case where the facts alleged by the Plaintiff did not demonstrate that her bill of exchange was anything more than "a worthless piece of paper").  The Report recommends summary dismissal of Plaintiff's claims because they are frivolous.  Plaintiff objects to this conclusion.  [ECF No. 11.]

On January 16, 2024, Plaintiff filed a motion to amend/correct her complaint, alleging her car was repossessed, and she suffered damages, as a result. [ECF No. 13.]  The amended complaint names Ally and National Asset Recovery as defendants.  *Id.*  Under Rule 15(a), a party many amend their complaint once as a matter of course if it has not been served, and, in this case, Plaintiff's complaint has not been served since summary dismissal is recommended.  The court grants the motion to amend.  However, dismissal is still appropriate.  That is, based on the amended complaint, there is no basis for federal jurisdiction over this matter.  The amended complaint does not establish federal subject matter jurisdiction, nor does it establish diversity jurisdiction.  *See* 28 U.S.C. § 1332 (requiring diversity of the parties and at least $75,000 in controversy, exclusive of interests and costs).  The amended complaint indicates the car at issue in the complaint cost $28,149.75, and Plaintiff additionally seeks $10,000 for emotional distress and for the cost of fixing the glove compartment, which was damaged during the repossession.  But nothing suggests

3

the amount in controversy meets the amount required for federal diversity jurisdiction. Accordingly, there is no diversity jurisdiction here. Nor has Plaintiff articulated any basis for federal question jurisdiction.

## CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the court finds no clear error in the Report. But the court **GRANTS** Plaintiff's motion to amend, ECF No. 13, which renders the Report, ECF No. 8, **MOOT**. Nevertheless, for the reasons explained above, the court **DISMISSES THIS CASE WITHOUT PREJUDICE** for lack of subject matter jurisdiction. Plaintiff's motion for default judgment, ECF No. 15, is deemed **MOOT**.

**IT IS SO ORDERED.**

May 20, 2024
Columbia, South Carolina

Sherri A. Lydon
United States District Judge